UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,
    Plaintiff,

vs.                                  Case No.: 1:22cv00281/MW/ZCB

FORT LAUDERDALE POLICE
DEPARTMENT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action. (Doc. 1). Presently before the Court is Plaintiff's complaint. (*Id.*). For the reasons below, this case should be dismissed for lack of venue.

### I.    Background

Plaintiff's complaint pleads a range of civil rights claims against the Fort Lauderdale Police Department and the Custodian of Records in Clark County, Nevada. (*Id.* at 1-3, 5-6). Plaintiff seeks "an injunction declaring that he was never married to Sabine Jules of Fort Lauderdale, Florida (i.e., an annulment) . . . . because Sabine Jules is not the plaintiff's type." (*Id.* at 7). Plaintiff also requests $80,000, which he asserts is appropriate considering that Plaintiff wants "the entire state of

1

Florida [to] understand that the plaintiff does not want to acknowledge that he was ever married to Sabine Jules." (*Id.*).

## II.   Discussion

**A. The Northern District of Florida is an improper venue for Plaintiff's action.**

The Court may dismiss an action *sua sponte* for lack of venue.[1] *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1344 (11th Cir. 2005). Under the federal venue statute, a plaintiff may bring a civil action in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). An entity "resides" in any judicial district that has personal jurisdiction over it. 28 U.S.C. § 1391(c)(2). To determine if there is personal jurisdiction, the Court must look to state law. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In Florida, a court has personal jurisdiction over a defendant in nine enumerated situations, including conducting business in the state, committing a tortious act in

---

[1] When a court *sua sponte* dismisses an action for lack of venue, it should provide notice and an opportunity to be heard. *Wilkinson v. Sec'y, Fla. Dep't of Corr.*, 622 F. App'x 805, 809 (11th Cir. 2015). The ability to object to a magistrate judge's recommendation that a case be dismissed for lack of venue provides such a notice and opportunity. *Id.*

2

the state, and causing injury to a person in Florida while engaging in solicitation or service activities in the state. Fla. Stat. § 48.193(1)(a). Personal jurisdiction can also be exercised over a nonresident defendant when that nonresident "is engaged in substantial and not insolated activity" in Florida or the defendant is served with process within the state. Fla. Stat. § 48.193(2)-(3).

Plaintiff filed this action in the Northern District of Florida. Plaintiff has named the Fort Lauderdale Police Department (a Florida entity) and the Custodian of Records for Clark County, Nevada (a Nevada entity) as Defendants. Looking first to 28 U.S.C. § 1391(b)(1), the Northern District of Florida is not "a judicial district in which any defendant resides." The Fort Lauderdale Police Department resides in Fort Lauderdale, Florida, which is in the Southern District of Florida. The Custodian of Records for Clark County, Nevada, resides in the District of Nevada. Even if one of the Defendants resided in the Northern District of Florida, venue would still not lie here under 28 U.S.C. § 1391(b)(1) because not "all defendants are residents of the State in which the district is located." One Defendant resides in Florida, and the other resides in Nevada. And there is no reason to believe that either entity would be subject to personal jurisdiction in the Northern District of Florida. Therefore, 28 U.S.C. § 1391(b)(1) does not provide this Court with venue.

3

With respect to 28 U.S.C. § 1391(b)(2), there is no indication that a substantial—indeed any—part of the events giving rise to this suit took place in the Northern District of Florida. Plaintiff ultimately seeks to annul a marriage that was entered into in Nevada under Nevada law. Neither of the Defendants are alleged to have taken any action against Plaintiff in the Northern District of Florida.[2] Because there is nothing in this lawsuit that is connected to the Northern District of Florida, 28 U.S.C. § 1391(b)(2) does not provide this Court with venue.

**B. The Court will not transfer Plaintiff's action because it is frivolous.**

If an action is filed in an improper venue, the district court shall dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. It is not in the interests of justice to transfer a frivolous case. *See Oliver v. Luner*, No. 22-11036-A, 2022 U.S. App. LEXIS 17526, at *3 (11th Cir. June 24, 2022) (upholding an improper venue dismissal when the plaintiff "had a history of abusive litigation, none of the defendants resided in the Northern District, and none of the events underlying any

---

[2] It appears Plaintiff did divorce Ms. Jules in Florida, but Plaintiff states the divorce was filed in Broward County. (*Id.*). Broward County is in the Southern District of Florida. Venue is based on judicial districts, rather than the state as a whole. *See* 28 U.S.C. 1391(b) (specifying that venue is proper in "*a judicial district . . .*") (emphasis added). Acts that occurred in the Southern District do not provide venue in the Northern District.

of [the plaintiff's] claims occurred there"); *see also Flores v. Holder*, No. 5:15cv77-rs-grj, 2015 U.S. Dist. LEXIS 62997, at *3 (N.D. Fla. April 13, 2015) (declining to transfer a case when the plaintiff's allegations were frivolous). Actions are frivolous if they lack factual or legal merit. *Gary v. United States Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (citation omitted).

Plaintiff's complaint is clearly frivolous. Thus, it should be dismissed as opposed to transferred. In fact, the Southern District of Florida has already dismissed as frivolous a lawsuit filed by Plaintiff that appears to have involved the same claims as the current case. (*See Emrit v. Ft. Lauderdale Police, et al.*, S.D. Fla. Case No. 0:22-cv-62038-RAR, Doc. 4 at 5-6 n.1) ("Although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, here, the Court finds that an amendment would be futile because the Complaint is frivolous and does not even approximate an actionable claim….").[3]

---

[3] Plaintiff has a history of filing frivolous lawsuits. He has been classified as a vexatious litigant in several jurisdictions. *See e.g., Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) ("[Plaintiff's] vexatious litigant status is well-deserved."); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) ("Plaintiff . . . has been acknowledged as a vexatious litigator in at least six district courts. . . . [t]he Ninth Circuit has also entered a pre-filing review order against Plaintiff.") (citations omitted); *Emrit v. S. by Sw. Conf.*, No. A-14-CV-936-LY, 2014

Looking to the current complaint, the facts alleged concern Plaintiff's Las Vegas wedding to a woman who was "not his type." (Doc. 1 at 2). Plaintiff now seeks to annul that marriage. Nothing in Plaintiff's complaint comes close to alleging a federal cause of action. The complaint fails to connect the Fort Lauderdale Police Department to Plaintiff's marriage and desire to have it annulled. And Plaintiff fails to provide the Court with any basis for believing that it has the authority to annul a marriage that was entered into in Nevada. Although Plaintiff's complaint cites numerous constitutional provisions in conclusory fashion, the complaint fails to provide any basis for believing that the facts alleged violated the constitutional provisions cited. Because Plaintiff's complaint is frivolous, it would be a waste of judicial resources to transfer this matter to the appropriate venue. Instead, it should be dismissed.

### III.   Conclusion

For the reasons above, this case should be dismissed without prejudice for lack of venue.

---

WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014), *report and recommendation adopted*, No. 1:14-CV-936-LY, 2014 WL 12661627 (W.D. Tex. Nov. 25, 2014) ("A review of PACER shows that within the last three years [Plaintiff] has filed at least fifty federal lawsuits across the country alleging a litany of frivolous claims against various defendants.").

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's action be **DISMISSED without prejudice** for lack of venue.

2. All pending motions be denied as moot.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 22nd day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**